UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BMO HARRIS BANK N.A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-2316-B |
| | § | |
| RMZ TRUCKING LLC ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION ORDER

Before the Court is Plaintiff BMO Harris Bank N.A.'s (BMO) Motion for Default Judgment. Doc. 8. For the reasons that follow, the Motion is **GRANTED**.

### I.

### BACKGROUND

BMO originally filed this lawsuit against Defendants RMZ Trucking LLC and Remzi Oncu (Defendants) on August 31, 2017. Doc. 1, Compl. BMO alleges that it entered into three agreements with Defendants and that Defendants breached those agreements by failing to make certain payments. *See generally id.* Specifically, BMO alleges that Defendant Oncu breached all three agreements and Defendant RMZ Trucking breached only the third. *Id.*, ¶¶ 28–37. Defendants were served with the summons and complaint on September 21, 2017. Doc. 5, Aff. of Service. Despite having been served, Defendants neither submitted an answer nor otherwise made an appearance in this case.

Accordingly, BMO requested an entry of default as to Defendants on October 19, 2017, Doc.

6, which the Clerk of Court entered the same day. Doc. 7. That same day, BMO filed the present Motion for Default Judgment against Defendants to recover the amount due under the agreements, as well as pre- and post-judgment interest and attorney's fees and costs. Doc. 8, Mot. for Default J., 6. To date, Defendants have not made an appearance in this case.

## II.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure authorizes the Court to enter a default judgment against a defendant who has failed to plead or otherwise defend upon motion of the plaintiff. Fed. R. Civ. P. 55(a)–(b). That said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). "Rather, a default judgment is generally committed to the discretion of the district court." *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008).

In determining whether a default judgment should be entered against a defendant, courts have developed a three-part analysis. *Id.* First, courts consider whether the entry of default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include:

> [1] whether material issues of fact exist; [2] whether there has been substantial prejudice; [3] whether the grounds for default are clearly established; [4] whether the default was caused by a good faith mistake or excusable neglect; [5] the harshness of a default judgment; and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Id.*

Second, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover"). In doing so, courts are to assume that due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *Id.* But the "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id.*

Third, courts determine what form of relief, if any, the plaintiff should receive. *See 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. Normally, damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). But if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

## III.

## ANALYSIS

Applying the three-part analysis detailed above, the Court concludes that BMO is entitled to a default judgment on its claims against Defendants.

*A. Default Judgment is Procedurally Warranted*

After reviewing the BMO's Motion in light of the six *Lindsey* factors, the Court determines that default judgment is procedurally warranted. First, Defendants have not filed any responsive

pleadings. Consequently, there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"). Second, Defendants' "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *3. Third, given that Defendants have had several months to make an appearance in this case but have neglected to do so, the grounds for default are clearly established. *Cf. Elite v. The KNR Grp.*, 216 F.3d 1080 (Table), 2000 WL 729378, at *1 (5th Cir. May 19, 2000) (per curiam) (holding default judgment to be inappropriate where defendant sent letter to court explaining his failure to appear was due to financial privation). Fourth, there is no evidence before the Court to indicate that Defendants' silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, BMO seeks only the relief to which it is entitled under its three agreements with Defendants, mitigating the harshness of a default judgment against Defendants. Finally, the Court is not aware of any facts that would give rise to "good cause" to set aside the default if challenged by Defendants. *See id.* Therefore, the Court concludes that default judgment is procedurally warranted.

*B. Default Judgment is Substantively Warranted*

In light of the entry of default, Defendants are deemed to have admitted the allegations set forth in BMO's Complaint. Nonetheless, the Court must review the pleadings to determine whether they provide a sufficient basis for BMO's claims for relief. *Nishimatsu Constr.*, 515 F.2d at 1206. In conducting this analysis, the Fifth Circuit has looked to the Rule 8 case law for guidance:

> Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which

it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (footnote and citations omitted). "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).

To recover on its claim for breach of contract, BMO must show that: "(1) a valid contract between the plaintiff and the defendant, (2) performance or tender of performance by the plaintiff, (3) breach by the defendant, and (4) damage to the plaintiff as a result of the breach." *Garofolo v. Ocwen Loan Servicing, L.L.C.*, 669 F. App'x 219, 220 (5th Cir. 2016).[1] Here, BMO's filings establish that default judgment against Defendants is substantively warranted. BMO's complaint and exhibits indicate that BMO entered into three agreements with Defendant Oncu and one agreement with both Defendant Oncu and Defendant RMZ Trucking. Doc. 1, Compl. ¶¶ 5–11; Exs. A–C, Agreements. BMO also pleads that it fulfilled its obligations under the three agreements, that Defendants breached the three agreements by failing to make payments, and that Defendants' breach damaged BMO. Doc. 1, Compl. ¶¶ 11– 37.

After review, the Court concludes that these allegations are sufficient to provide Defendants with "fair notice" of BMO's claims. The Court further determines that Defendants are not infants, incompetent, or entitled to relief under the Servicemembers Civil Relief Act, 50 App. U.S.C. § 501

---

[1] These are the elements of a breach-of-contract claim under Texas law, which the Court assumes applies due to BMO's allegation that the parties "consented that any legal action . . . with respect to the Agreements . . . shall be brought exclusively in the federal or state courts . . . in . . . Texas." Doc. 1, Compl., ¶ 4.

et seq. Doc. 8-A, White Aff. in Supp. of Default, ¶ 5. Accordingly, BMO is entitled to relief.

    *C. BMO's Claim is for a Sum Certain*

Finally, the Court observes that BMO's claim is for a sum certain. The amount due under the first and second agreements (the agreements Defendant Oncu entered into without RMZ Trucking) is $88,369.44 after subtracting the money BMO received in net sale proceeds of the collateral and adding $5690.22 of pre-judgment interest ($41.34 per diem) as set forth in the first and second agreements. *Id.*, ¶¶ 25–28. The amount due under the third agreement (the agreement RMZ Trucking and Oncu both entered into) is $44,358.50 after subtracting the net sales proceeds and adding finance charges, fees, and $1898.10 of pre-judgment interest ($21.09 per diem) as set forth in the third agreement. *Id.*

All three agreements obligate the Defendants to pay reasonable attorney's fees and costs incurred by BMO to enforce its rights under the agreements. The Court finds that BMO has not provided sufficient documentation regarding the attorney's fees in this case. BMO has thirty days from this Order to provide the court with acceptable documentation of the attorney's fees and costs it seeks. *Chevron Intellectual Prop., L.L.C. v. Allen*, No. 7:08-CV-98-O, 2009 WL 2596610, at *4 (N.D. Tex. Aug. 24, 2009) (explaining that plaintiffs seeking default judgment must "provide the Court with the information needed to calculate reasonable attorney's fees").

## IV.

## CONCLUSION

For the aforementioned reasons, the Court concludes that BMO's Motion for Default Judgment, Doc. 8, should be, and hereby is, **GRANTED**. It is therefore **ORDERED**, **ADJUDGED**, and **DECREED** that BMO is entitled to the following relief:

1. $88,369.44 from Defendant Oncu under the first and second agreements;

2. $44,358.50 from Defendants Oncu and RMZ Trucking jointly under the third agreement;

3. Post-judgment interest at a rate of 1.79%;[2]

4. Costs of court.[3]

**SO ORDERED.**

**SIGNED: January 30, 2018**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] Post-judgment interest is calculated using the weekly average 1-year constant maturity (nominal) Treasury yield, as published by the Federal Reserve System for the calendar week preceding. 28 U.S.C. § 1961. The 1-year rate for the week ending January 26, 2018 (and thus effective from January 29, 2018, to February 4, 2018), is 1.79%.

[3] *See* Fed. R. Civ. P. 54(d)(1); *see also Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1172–79 (2013) (holding the Federal Debt Collection Practices Act does not displace a district court's discretion to award costs under Fed. R. Civ. P. 54).